UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEN YI, LLC,

    Plaintiff,

v.                                        Case No. 2:21-cv-66-NPM

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

    Defendant.

---

**ORDER**

Before the Court is a Motion to Consolidate Sanctions Motions (Doc. 44), and the Response in Opposition (Doc. 45). In this consent case,[1] Defendant Deutsche Bank National Trust Company, as Trustee, filed a Motion for Sanctions and Attorney's Fees (Doc. 32) against Plaintiff's counsel, Lee Segal a/k/a Lior Segal, and the law firm Segal & Schuh Law Group, P.L. (collectively "Segal"). Segal seeks to consolidate this motion with other pending motions for fees and sanctions in cases filed throughout the Middle District of Florida. (Doc. 44). For the following reasons, the Court denies the motion.

---

[1] The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 24).

Segal requests that not only the motion in this case and the pending motions listed in Exhibit A (Doc. 44-1) be consolidated, but also requests consolidation for any future motions Deutsche Bank National Trust Company and Bank of New York Mellon may file. (Doc. 44, p. 4). In essence, Segal requests that the Court consolidate all of these actions before one judge for all present and future filings. This request to consolidate actions does not comply with the Federal Rules of Civil Procedure 42(a)[2] and the Local Rule 1.07(b).[3]

"[Rule 42] is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks omitted) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)).

---

[2] Rule 42(a) instructs:
>  (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>  (1) join for hearing or trial any or all matters at issue in the actions;
>  (2) consolidate the actions; or
>  (3) issue any other orders to avoid unnecessary cost or delay.

[3] Local Rule 1.07(b) provides:
>  If actions assigned to a judge present the probability of inefficiency or inconsistency, a party may move to consolidate the actions. The party must file the motion in one action and a notice and a copy of the motion in the other action. The judge can order the clerk to assign to the consolidated actions the magistrate judge assigned to the first-filed action.

While courts are encouraged to use Rule 42 when appropriate, a district court's decision under Rule 42(a) is purely discretionary. *Id.*

For consolidation of actions—which in essence Segal seeks by requesting all future motions be consolidated—both Rule 42 and Local Rule 1.07 require the actions be assigned to a single judge. Here, none of the other actions are assigned to the presiding judge in this action. *See Maryland Cas. Co. v. Superior Pharmacy LLC*, No. 8:14-cv-375-T-23TBM, 2014 WL 12708718, *1 (M.D. Fla. May 14, 2014) ("Consolidation occurs only if the related actions pend before the same judge."). Thus, consolidation of actions is not appropriate unless the actions are transferred to a single judge, which Segal does not request. *See* Local Rule 1.07(a);[4] s*ee also Kenny v. Deutsche Bank National Trust Co.*, No. 2:21-cv-9-SPC-NPM, at 1-3 (denying request to consolidate actions for the purposes of appealing an order

---

[4] Local Rule 1.07(a) provides in relevant part:
    2) Other Actions.

    (A) By the Judge. If the transferee judge consents, the judge to whom the clerk assigns an action can transfer the action at any time and for any reason.

    (B) By a Party. If actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action. The moving party must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action. The proposed transferor judge must resolve the motion to transfer but can transfer the action only with the consent of the transferee judge. The transferee judge can order the clerk to assign to the later-filed action the magistrate judge in the first-filed action. . . .

denying remand and quashing service and adding "the Court does not have the power to simply pluck cases away from other federal judges around Florida."). Moreover, there is no economy of time and effort for the Court, for counsel, and for litigants in granting Segal's request. *See Hendrix*, 776 F.2d at 1495. Segal chose to file all of these independent actions and now must face motions for attorney's fees and sanctions in each.

Accordingly, the Motion to Consolidate Sanctions Motions (Doc. 44) is **DENIED**. In all actions where Segal filed a motion or notice to abate the deadline to respond to the motion for sanctions pending ruling on the motion to consolidate, he shall file by June 30, 2021, a notice stating that the motion to consolidate is denied.

**ORDERED** in Fort Myers, Florida on June 24, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE